**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LISA MAYLE, | ) | CASE NO. 1:18CV475 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| BRUNSWICK CITY SCHOOL | ) | |
| DISTRICT BD. OF EDUCATION, et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #24) of Defendants for Partial Judgment on the Pleadings. For the following reasons, the Motion is granted in part.

**I. BACKGROUND**

On February 28, 2018, Plaintiff Lisa Mayle filed the instant Complaint against the Brunswick Board of Education and individual Defendants, Michael Mayell, Tracy Wheeler, Grant Relic, Richard Nowak, Nancy Zelei, Tammy Schebek, Lisa Durichko and Mary Weinhauer. Plaintiff is a former principal at Towslee Elementary School in Brunswick. She asserts a number of claims against Defendants arising out of the District's investigation into

reports that the environment at her elementary school was "toxic" and that people there were "intimidated" and "afraid" of Plaintiff. As part of the September 2017 investigation, Plaintiff was placed on administrative leave with pay. Plaintiff was not permitted on school property and was prohibited from communicating with any students, teachers, staff or administrators at the District without prior permission. On February 21, 2018, Defendant Mayell sent Plaintiff a Notice of Reassignment to the position of Principal of Pride Academy and Grant Writing Specialist effective March 6, 2018, and at the current rate of pay for Elementary Principal.

Plaintiff's Complaint sets out ten Causes of Action: Count I - Breach of Contract; Count II - Declaratory Judgment; Count III - Due Process Violations; Count IV - Section 1985(3) Conspiracy; Count V - False Light; Count VI - Intentional Infliction of Emotional Distress; Count VII - Interference with Contract; Count VIII - Equal Protection Violations; Count IX - Federal Age Discrimination; and Count X - State Age Discrimination.

In their Motion, Defendants assert that Civil Conspiracy, Intentional Infliction of Emotional Distress, Interference with Contract, Punitive Damages against the Board of Education (a political subdivision), and official capacity and personal capacity claims against the Board Member Defendants should be dismissed as a matter of law prior to discovery.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 12(c) Standard of Review

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . We 'construe the complaint in the light

most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

The court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). The complaint must state a plausible claim for relief. "Plausibility is a context-specific inquiry, and the allegations in the complaint must 'permit the court to infer more than the mere possibility of misconduct,' namely, that the pleader has 'show[n]' entitlement to relief." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011).

In her Response to Defendants' Motion, Plaintiff concedes that: (1) The intra-corporate conspiracy doctrine controls and her Section 1985(3) civil conspiracy claim (Count IV) should be dismissed; (2) her interference with contract claim (Count VII) should be dismissed; and (3) punitive damages recovery is barred against Defendant Board of Education as a political subdivision. (ECF DKT #27 at 6).

**Official capacity claims**

Defendants contend that Plaintiff's federal and state claims against the individual

Defendants in their official capacities should be dismissed as redundant. The Court agrees.

Official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166, citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, a suit against a municipal employee in his official capacity is the equivalent of a suit against the public entity itself. *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003).

Therefore, Plaintiff's claims against the individual Defendants in their official capacities are dismissed as duplicative of claims against Defendant Board of Education.

**Intentional Infliction of Emotional Distress - Count VI**

Plaintiff alleges that Defendants wrongfully suspended her, reassigned her to home and to a position of lesser responsibility with an on-line high school, and prohibited her from contacting students, parents and District employees in order to clear her good name. Further, Plaintiff claims that Defendants' conduct was intended to cause and did proximately cause Plaintiff serious mental and emotional injury and that Defendants are jointly and severally liable. (ECF DKT #1 at 19-20).

Defendants argue that the actions alleged constitute normal procedures undertaken when misconduct is investigated in an employment setting. Plaintiff fails to allege facts that, taken as true, would establish that Defendants acted with any intent to cause her serious emotional harm.

The elements of an Intentional Infliction of Emotional Distress claim in Ohio are: (1) defendant intended to cause emotional distress, or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's harm; and (4) plaintiff's emotional harm is so severe that no reasonable person would be expected to endure it. *Hale v. Village of Madison*, 493 F.Supp.2d 928, 940 (N.D.Ohio 2007). Plaintiff's Count VI simply parrots these elements; and this is just the pleading deficiency that *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) intended to address.

"[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Baab v. AMR Services Corp.*, 811 F.Supp.1246, 1269 (N.D.Ohio 1993). "Liability has been found only where the conduct has been so outrageous, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Baab*, at 1269.

Federal courts, in applying Ohio law, have consistently held that employment termination alone, for instance, without something more, cannot support a claim for Intentional Infliction of Emotional Distress. See *Shoemaker-Stephen v. Montgomery County Bd. of Com'rs*, 262 F.Supp.2d 866, 888 (S.D.Ohio 2003). Under Ohio law, an at-will employee "may be terminated at any time for any lawful reason or for no reason at all." *Herrington v. DaimlerChrysler Corp.*, 262 F.Supp.2d 861, 864 (N.D.Ohio 2003).

But here, Plaintiff did not suffer termination. Plaintiff does, however, allege that she

was banned from District property, was suspended and forced to stay home, was cut off from all contact and communication with parents, students, teachers and staff, was humiliated publicly and was reassigned to a lesser position in violation of contract and Ohio law. Nevertheless, these allegations, even if proven true, are insufficient to be considered outrageous and do not support Intentional Infliction of Emotional Distress as a matter of law. Count VI is dismissed.

**Personal capacity claims**

Defendants contend that Plaintiff's Complaint fails to identify any specific actions by individual Board Members related to her allegations. They argue that the facts are too meager to entitle Plaintiff to relief.

In the Complaint, the Board, the Superintendent, the Assistant Superintendent and the Board Members are collectively referred to as "Defendants." By way of example, in Count III, Plaintiff alleges: "Defendants approved, ratified or otherwise caused the deprivation of Mayle's protected property interests without just cause to do so." (ECF DKT #1 at ¶ 102). In Count V, Plaintiff alleges: "This email statement on September 26, 2017, to District employees by Superintendent Mayell, and other public statements by the Defendants, placed Mayle in a false-light and/or were otherwise untrue." (*Id*. at ¶ 118). "Defendants publicized the employment dispute by communicating it to the public at large or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." (*Id*. at ¶ 119). "Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false-light in which Mayle would be placed." (*Id*. at ¶ 121). In Count VIII, Plaintiff alleges: "Defendants are final policy-makers for purposes of 42 U.S.C.

§ 1983 liability." (*Id*. at ¶ 147). "Defendants approved, ratified or otherwise caused the deprivation of Mayle's right to be free from age discrimination." (*Id*. at ¶ 153). "The deprivation of Mayle's right to be free from age and gender discrimination resulted from a policy, custom, and practice of the Board." (*Id*. at ¶ 154).

Although more factual elucidation would be preferable, the standard is that the Complaint must state a ***plausible*** claim for relief. Plaintiff's claims may go forward even if "actual proof of [the] facts is improbable" or "a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The Court finds that there are enough facts "to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of Plaintiff's claims. *Id*.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #24) of Defendants for Partial Judgment on the Pleadings is GRANTED as to Count IV, Count VI, Count VII, official capacity claims against Defendant Board Members and punitive damages relief but DENIED as to the personal capacity claims against Defendant Board Members.

**IT IS SO ORDERED.**

                                                <u>s/ Christopher A. Boyko</u>
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**
**Dated: January 8, 2019**