UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| LISA MAYLE, | ) | CASE NO. 1:18CV475 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | OPINION AND ORDER |
| BRUNSWICK CITY SCHOOL DISTRICT BD. OF EDUCATION, et al., Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #23) of Plaintiff Lisa Mayle for Declaratory Relief and Partial Summary Judgment. For the following reasons, the Motion is denied.

## I. FACTUAL BACKGROUND

On February 28, 2018, Plaintiff Lisa Mayle filed the instant Complaint against the Brunswick Board of Education and individual Defendants Michael Mayell, Tracy Wheeler, Grant Relic, Richard Nowak, Nancy Zelei, Tammy Schebek, Lisa Durichko and Mary Weinhauer. Plaintiff is a former principal at Towslee Elementary School in Brunswick. On June 27, 2016, Plaintiff and the Board of Education entered into an Administrative Employment Contract by which Plaintiff agreed to serve as the Principal of Towslee Elementary for three years and the Board of Education agreed to pay her an annual salary calculated under the Administrative Compensation Plan.

Plaintiff asserts a number of claims against Defendants arising out of the District's investigation into reports that the environment at her elementary school was "toxic" and that

people there were "intimidated" and "afraid" of Plaintiff. As part of the September 2017 investigation, Plaintiff was placed on administrative leave with pay. Plaintiff was not permitted on school property and was prohibited from communicating with any students, teachers, staff or administrators at the District without prior permission. On February 21, 2018, Defendant Mayell sent Plaintiff a Notice of Reassignment to the position of Principal of Pride Academy (an online high school) and Grant Writing Specialist effective March 6, 2018, and at the current rate of pay for Elementary Principal.

On April 13, 2018, Defendant Superintendent Mayell sent Plaintiff a Letter of Reprimand (ECF DKT #29-1, Exhibit "H"). Relative to Plaintiff's leadership at Towslee, the Board found that she failed to properly implement the requirements of the Ohio Teacher Evaluation System (OTES) and caused reports to be filed which were either falsified, inaccurate and/or deficient. The Board also found that Plaintiff knowingly failed to account for receipt of cash donations, including gift cards. Cash was not deposited and was distributed to third persons without any accounting or record, subjecting the District to findings from the Auditor of State. The Board determined that Plaintiff was insubordinate in failing to follow policies and procedures for teachers' absences and leaves. Finally, the Board found that Plaintiff failed to assure that volunteers working with children in the school had undergone background checks; thus subjecting the District to potential legal liability. While more serious disciplinary action could have been pursued, the Superintendent felt that the reassignment would "provide [Plaintiff] with an opportunity to succeed, something that could not be assured at Towslee for a number of reasons." *Id*.

Plaintiff's Complaint sets out ten Causes of Action: Count I - Breach of Contract;

Count II - Declaratory Judgment; Count III - Due Process Violations; Count IV - Section 1985(3) Conspiracy; Count V - False Light; Count VI - Intentional Infliction of Emotional Distress; Count VII - Interference with Contract; Count VIII - Equal Protection Violations; Count IX - Federal Age Discrimination; and Count X - State Age Discrimination.

In Count I, Plaintiff alleges that the reassignment to the position of District Principal and Grant Writing Specialist violates the express terms of the three-year Administrative Employment Contract, which states that Plaintiff is to serve as the Elementary School Principal at Towslee during the contract period. Plaintiff did not consent or approve of the unilateral reassignment. Plaintiff alleges that the Board breached the contract and Ohio statutory law. R.C. § 3319.02(C) provides: "Except by mutual agreement of the parties thereto, no assistant superintendent, principal, assistant principal, or other administrator shall be transferred during the life of a contract to a position of lesser responsibility."

In Count II of the Complaint, Plaintiff requests that the Court issue an order declaring that a valid R.C. § 3319.02 administrative contract exists; that Plaintiff performed her duties under the administrative contract; that the Board breached its duty to Plaintiff as it improperly reassigned her to positions of lesser responsibility; and the Board is prohibited from suspending Plaintiff's contract as Towslee Elementary School Principal through the 2017-2018 and 2018-2019 school years.

In her Motion, Plaintiff seeks Declaratory Judgment Relief and Partial Summary Judgment on Counts I and II of her Complaint.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party

fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**<u>Declaratory Judgment</u>**

It is well-settled that federal courts may only adjudicate actual cases or controversies. U.S. Const., Art. III, Section 2. In fact, that principle is reiterated in the Declaratory Judgment Act, which states, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nonetheless, the Supreme Court has emphasized the discretionary nature of the Act. In *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962), the highest court opined: "'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.' *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]." Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985). In exercising its discretion, a federal court must only pass judgment upon real, not uncertain nor hypothetical, disputes. As the Supreme Court noted in *Golden v. Zwickler*, 394 U.S. 103, 108 (1969):

> Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

In this Circuit, declaratory judgments are favored when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Grand Trunk W. R. R. Co. v. Consolidated Rail Corp.*, 746 F. 2d 323, 325-326 (6th Cir. 1984).

"Generally, proceedings for declaratory relief will not be entertained where another 'equally serviceable' remedy is provided." *Haig v. Ohio State Board of Education*, 62 Ohio St.3d 507, 511 (1992), *citing Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 135 (1990).

The Court finds that Plaintiff has alleged claims cognizable under Ohio statutes and contract law which afford her complete relief. The extraordinary award of a declaratory judgment will not be useful in clarifying or settling the legal relations between her and the Brunswick City School District Defendants. The Court is bound to apply Ohio law as to the construction and validity of the Administrative Employment Contract and declaratory relief is not necessary to eliminate any uncertainty, insecurity or controversy facing the parties. Since Plaintiff has been working under the reassignment since March 6, 2018, and the instant Motion was filed in August of 2018, speedy relief is no longer appropriate to preserve the rights of the parties. *Swander*, 51 Ohio St.3d at 135.

Therefore, Plaintiff's Motion for Declaratory Relief and for Partial Summary Judgment on Count II of the Complaint is denied.

**Breach of Contract**

In Count I of the Complaint, Plaintiff alleges that Defendants breached the Administrative Employment Contract naming her the Towslee Elementary School Principal and that Defendants violated R.C. § 3319.02(C) by reassigning her to a position of lesser responsibility in the absence of mutual agreement. Plaintiff offers an Affidavit (ECF DKT #23-1) in support and Defendant Mayell counters with his own Affidavit (ECF DKT #29-1).

Plaintiff argues that she is entitled to judgment in her favor on Count I and that Defendant Mayell's Affidavit is deficient and does not create any genuine issues of material fact. In her Affidavit, Plaintiff emphasizes that, during the investigation, she was assigned to her home for five months with no administrative responsibilities. Then, when Plaintiff was reassigned, she was required to spend 50% of her time as principal of Pride Academy (an online high school) and 50% of her time as a grant writing specialist. Pride Academy consists of one and a half classrooms, less than thirty students and two staff members. At Towslee, Plaintiff supervised an entire building and was responsible for over four hundred students and over forty staff members. Plaintiff offers a chart comparing the duties of her Towslee position with the Pride Academy position and asserts that her responsibilities have been obviously and unlawfully diminished. Plaintiff argues that it is evident that Defendants breached the 2016 contract by which she was to serve as Elementary Principal at Towslee in the District for a period of three years.

Moreover, the Administrative Employment Contract provides that "the laws pertaining to the schools in the State of Ohio, and the rules and regulations of this Board of Education are part of this contract." (ECF DKT #1-1). Consequently, Plaintiff insists that

R.C. § 3319.02(C), a remedial statute which prohibits her re-assignment to a position of lesser responsibility, governs the Administrative Employment Contract.

Defendants counter that they did not breach Plaintiff's contract. The Superintendent has the authority to assign duties to administrators and licensed employees. (Mayell Affidavit, ECF DKT #29-1 at ¶ 3). The Superintendent has the authority to recommend employment, non-renewal or termination of employees. (*Id*. at ¶ 3). The Superintendent is authorized to conduct investigations and to assign employees or administrators to home with pay for performance reasons. (*Id*. at ¶ 5). Superintendent Mayell reassigned Plaintiff in accordance with Board Policy 3130:

> The Superintendent shall be responsible for the proper assignment and transfer of all teaching and other professional staff members and shall attempt to effect the optimum assignment of the professional staff in conformance with any applicable contractual or legal requirements.

(*Id*., Exhibit "L").

Defendants further maintain that they did not violate R.C. § 3319.02(C). Defendant Mayell advised Plaintiff that "her predominant duties would remain as Building Principal for Pride Academy, and . . . that she would also perform Central Office responsibilities related to grant writing, including coordinating information and communication relative to School District initiatives." (*Id*. at ¶ 13). With regard to the reassigned position, "while it had less emphasis on teacher evaluation, volunteer issues, employee leave, and school funding issues, such position had equal, if not greater importance to the School District, and would allow her to utilize her skill sets in ways that would benefit the School District's students and help the District in pursuing its mission." (*Id*. at ¶ 15). Finally, Defendant Mayell avers that he reassigned Plaintiff in accordance with R.C. § 3319.01, R.C. § 3319.02 and Board Policy.

"At no time did I assign Ms. Mayle to a position of lesser responsibility." (*Id*. at ¶ 17).

The Court determines that as Superintendent for the Brunswick City School District, Defendant Mayell was vested with broad discretion over employment matters. Thus, whether Plaintiff's transfer/reassignment to Pride Academy was an abuse of discretion and a breach of his contractual obligations is a genuine issue of material fact. In addition, comparison of job descriptions and charts of job duties is most properly within the purview of the trier of fact. Whether Defendant Mayell's sworn statement that he did not assign Plaintiff to a position of lesser responsibility should be believed is for the jury alone.

When ruling on a summary judgment motion, "[t]he court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter." *Stem v. Gannett Satellite Information Network, Inc*., 866 F. Supp. 355, 357 (W.D.Tenn. 1994), citing *Anderson*, 477 U.S. at 249.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #23) of Plaintiff Lisa Mayle for Declaratory Relief and Partial Summary Judgment is denied.

**IT IS SO ORDERED.**

                                                   s/ Christopher A. Boyko
                                                   **CHRISTOPHER A. BOYKO**
                                                   **United States District Judge**

Dated: January 11, 2019